1 THEODORE R. SCOTT, Bar No. 108849
tscott@littler.com
2 LARA K. STRAUSS, Bar No. 222866
lstrauss@littler.com
3 LINDSEY M. STEVENS, Bar. No. 265700
lstevens@littler.com
4 LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
5 San Diego, CA 92101.3577
Telephone: 619.232.0441
6 Facsimile: 619.232.4302

7 Attorneys for Defendants

8 Mark P. Estrella (SBN 187091)
MEstrella@InitiativeLegal.com
9 David M. Medby (SBN 227401)
DMedby@InitiativeLegal.com
10 Sue J. Kim (SBN 256392)
SKim@InitiativeLegal.com
11 INITIATIVE LEGAL GROUP, APC
1800 Century Park East, Second Floor
12 Los Angeles, CA 90067
Telephone: (310) 556-5637
13 Facsimile: (310) 861-9051

14 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CLARKE, individually, and on behalf of other members of the general public similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>FIRST TRANSIT, INC., a Delaware corporation; FIRST TRANSIT TRANSPORTATION LLC, a Delaware limited liability company; FIRSTGROUP AMERICA, INC.; a Florida corporation; FIRST TRANSIT, a business entity form unknown, FIRST TRANSIT TRANSPORTATION, a business entity form unknown; FIRSTGROUP AMERICA COMPANY, a business entity form unknown; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No. CV 07-06476 GAF (MANx)<br><br>PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION |

PROTECTIVE ORDER

1    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated For Protective Order ("Stipulation") filed on March 17, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of Paragraphs 10, 12, 13, 17, and 18 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential," or other designation(s) used by parties, does not — **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** — constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party

PROTECTIVE ORDER
1.

seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND THE TREATMENT OF CONFIDENTIAL INFORMATION.**

## TERMS OF PROTECTIVE ORDER
### Scope

1. This Protective Order shall govern all documents produced or disclosed in this action by either party (the "Designating Party") to the other party ("the Receiving Party").

///

///

## Confidential Information

2. "Confidential Information" means any information contained in a document that is stamped "Confidential." Confidential Information includes, but is not limited to:

(a) Information about current, past, or prospective employees that is of a confidential or private nature, including, but not limited to, current or former employees' names and contact information, wage information, medical information and job performance-related documentation; or

(b) Proprietary, confidential or sensitive company business information.

3. Stamping "Confidential" on the cover of a multiple page document shall classify all pages of the document as confidential unless otherwise indicated by the disclosing party. Marking or stamping "Confidential Information" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as "Confidential Information."

## Permissible Disclosure of Confidential Information

4. Subject to Paragraph 5, Confidential Information produced under this Protective Order shall not be disclosed by any person who has received such Confidential Information through this action to any other person except to:

(a) Attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation as well as Defendants' in-house attorneys, as attorneys employed by their corporate parents and/or corporate affiliates, and their respective paralegals, clerks and employees;

(b) Plaintiff Eric Clarke and any other representative plaintiff who may be added to the litigation;

(c) Current or former employees of Defendants or their parent or affiliated companies who may be witnesses, but only insofar as such Confidential Information is relevant to their testimony;

(d) Any outside consultant, expert, or vendor (and any employees thereof who would, in the course and scope of their employment, handle the at-issue documents) utilized by the attorneys of record for the parties, whether formally retained or not;

(e) Any person who was involved in the preparation of the documents, materials, or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

(f) Subject to Paragraphs 9 through 11, any witness during a deposition taken in this case, but only insofar as such Confidential Information is relevant to their testimony;

(g) Any other person with the prior written consent of the Designating Party or pursuant to an order issued by this Court;

(h) Stenographic employees, court reporters and videographers recording or transcribing testimony in this action; and

(i) The Court and court personnel to whom it is necessary to disclose the information as well as any mediator(**s**) used to try to resolve the case.

5. Prior to the Receiving Party providing Confidential Information to any person described in paragraphs 4(e)-(g), such person shall be provided a copy of this Protective Order and shall agree in writing, in the form of the Protective Order Acknowledgment and Non-Disclosure Agreement (**"Non-Disclosure Agreement"**), attached hereto as Exhibit A, to be bound by the terms of this Protective Order. The Receiving Party shall retain all executed non-disclosure agreements until the end of the action. In the event of a possible violation of this Protective Order during the pendency of this litigation, and upon a showing of good cause, the Court may order production of the executed non-disclosure agreements to the Designating Party. Otherwise, these **Non-Disclosure Agreements** are strictly confidential and are not

subject to any discovery request during the pendency of this litigation. No more than thirty (30) calendar days after the end of litigation in the action as defined in Paragraph 6 below, the Receiving Party shall provide all executed **Non-Disclosure Agreements** to the Designating Party.

6. The action is at an end when: (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post-appeal proceedings have themselves concluded.

## Use of Confidential Information

7. Confidential Information shall only be used for preparing for, defending and prosecuting this case, including any claims on behalf of the named plaintiff(s) and any putative class members pending the completion of the judicial process **through** appeal. Confidential Information cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever.

8. Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its client with respect to this action and, in the course thereof, relying upon Confidential Information provided that, in rendering such advice, counsel shall not disclose the other party's Confidential Information other than in a manner provided for in this Protective Order.

9. If Confidential Information is used in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "Confidential." Testimony taken at a deposition may be designated as Confidential Information by making a statement to that effect on the record at the deposition, as to the specific testimony or items that are claimed to be Confidential. If any portions of the deposition transcript and/or video or audio versions of the depositions containing Confidential Information, or references thereto, are filed with the Court, it shall be done in compliance with Paragraph 19 of the Protective Order.

10. A copy of this Protective Order shall be attached as an exhibit to the deposition transcript and the court reporter shall be subject to the Protective Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action, **absent further Court order or written agreement of the parties**. Furthermore, any audiotape and/or videotape of said deposition shall be subject to this Protective Order. The deposition videographer shall be subject to this Protective Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof or portions of copies thereof, to any persons or entities other than counsel of record, **absent further Court order or written agreement of the parties**. Any audiotape shall similarly be subject to this Protective Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action, **absent further Court order or written agreement of the parties.**

11. Only individuals permitted access to Confidential Information shall attend any deposition where Confidential Information is used. However, where feasible, an individual who is not allowed access to Confidential Information may attend portions of the deposition where Confidential Information is not used or discussed. Individuals attending any depositions using Confidential Information shall not disclose to any person any statements made by deponents at depositions that reference Confidential Information unless that person is independently allowed access to the information.

## **Protection of Confidential Information**

12. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to only those persons authorized **to receive such Confidential Information** by this Protective Order.

1. 13. Any party that is served with a subpoena or other request for production of Confidential Information produced by the other party must immediately give written notice of such subpoena or other notice to the original Designating Party so as to afford the original Designating Party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential information. Upon receiving such notice, the Designating Party shall bear the burden **and expense** of opposing, if it deems appropriate, the subpoena or request for production. In no event should production or disclosure be made without written approval by the original Designating Party unless required by court order arising from a motion to compel production or disclosure of Confidential Information. **Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court**.

14. Unless otherwise ordered or agreed in writing by the parties, within ninety (90) days of the settlement or termination (as defined in Paragraph 6) of this action, the parties must simultaneously exchange and surrender any Confidential Information, provided, however, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information that have become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this Protective Order.

## Challenges to Designation

15. Any party may object to the propriety of the designation of Confidential Information by serving a written objection to the designation, **which shall** briefly setting forth the grounds for the objection, provide any legal authority the objecting party believes is relevant, and request a conference of counsel. Counsel for the Designating Party shall meet and confer with the objecting party within fourteen (14) calendar days after the objecting party serves the written objection. The Designating

PROTECTIVE ORDER 7.

Party will then have forty-five (45) calendar days after the conference of counsel to file a motion to support the confidentiality designation. The objecting party must serve the written objection sufficiently in advance of the discovery cut-off date **so** that the motion to support the confidentiality designation may be heard prior to the discovery cut-off date. The burden of proof to demonstrate confidential treatment of any information at all times shall remain with the Designating Party.

16. If the Designating party does not file a motion to support the confidentiality designation within forty-five (45) calendar days after the conference of counsel, the confidentiality designation shall be deemed removed.

### **Filing Confidential Information in Court Records**

17. The parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential Information:

> For all pretrial discovery and non-discovery-related motions, memoranda of law, certification**(s)**, **declaration(s), and** exhibit**(s)** annexed thereto that contains Confidential Information shall be **submitted for filing** in accordance with Local Rule 79 by placing the original and judge's copy of the document in sealed**,** separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Confidential material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

**Competent evidence to support the propriety of the requested filing under seal must be presented to the Court along with the request for filing under seal.**

18. All Confidential Information contained in documents designated as Confidential used **in connection with any dispositive motion,** at trial, and in all post-trial proceedings shall become public unless a separate court order is obtained upon noticed motion and sufficient cause shown. In that respect, nothing herein shall prejudice any parties' rights to object to the introduction of any Confidential

Information into evidence, on grounds, including, but not limited to, relevance and privilege.

### **Miscellaneous Provisions**

19. It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties are relying upon the terms and conditions of the Protective Order.

20. By written agreement of the Parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this case.

Dated: May 6, 2011

_____*Margaret A. Nagle*_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## Protective Order Acknowledgment and Non-Disclosure Agreement

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the Protective Order in *Clarke v. First Transit, Inc.,* currently pending in the U.S. District Court for the Central District of California, Case No. CV 07-06476 GAF (MANx). I certify that I am an appropriate person for receipt of Confidential Information under the Protective Order. I understand and agree to be bound by the terms of the Protective Order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the Protective Order. I understand and agree that my use of any Confidential Information shall only be for purposes relating to the above-titled litigation including the prosecution, defense, including, but not limited to, appeals and writs relating thereto, discovery, and/or mediation or settlement of this action in accordance with the provisions of the Protective Order.

I also agree that upon being informed of the termination or settlement of this action, I will surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the Protective Order. By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this Protective Order and Non-Disclosure Agreement.

Dated: _____          _____
                                   [Signature]

                                   _____
                                   [Print Name]